IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 9 2015

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

OMAR CARAVEO,                          §
                                       §
            Petitioner,                §
                                       §
v.                                     §      No. 4:13-CV-522-A
                                       §
WILLIAM STEPHENS, Director,            §
Texas Department of Criminal           §
Justice, Correctional                  §
Institutions Division,                 §
                                       §
            Respondent.                §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 filed by petitioner, Omar Caraveo, a state prisoner

incarcerated in the Correctional Institutions Division of the

Texas Department of Criminal Justice (TDCJ), against William

Stephens, Director of TDCJ, Respondent.   After having considered

the pleadings, state court records, and relief sought by

petitioner, the Court has concluded that the petition should be

denied.

## I.  Procedural History

On February 25, 2009, in the 415th District Court of Parker

County, Texas, Case Nos. CR08-0502 and CR08-0503, a jury found

petitioner guilty of burglarizing the habitations of Carol Parish

and Rebecca Smith, petitioner pleaded true to the sentencing-
enhancement allegation in the indictments, and the jury assessed
his punishment in each case at sixty years' imprisonment and a
$10,000 fine.  Admin. R., SH4a - writ WR-75,114-03, 150, ECF No.
17-5; SH4a - writ WR-75,114-04, 150, ECF No. 17-7.  Petitioner
appealed his convictions, but the Eleventh Court of Appeals of
Texas affirmed the trial court's judgments in Nos. 11-09-000082-
CR and 11-09-00083-CR.  Mem. Op. 5, ECF No. 11-11.  Petitioner
also sought postconviction state habeas relief, to no avail.

The appellate court summarized the facts of the case as
follows:

> Parish testified that someone forcibly entered her
> home and unattached garage in Aledo while she was away
> at work on May 13, 2008.  Various items of lawn
> equipment and her boyfriend's battery charger were
> stolen from her garage, and electronic equipment was
> stolen from inside her home.

> Smith testified that someone broke into her home
> in Aledo on May 15, 2008.  The person that broke into
> her home stole various items of electronic equipment
> and other items of value.  A bicycle that she had
> recently purchased for her daughter and a pair of
> binoculars were also stolen.

> Robert Moore, an investigator in the Parker County
> Sheriff's Office, testified that he entered the serial
> number for the girl's bicycle stolen from Smith's house
> into a computer service known as "LeadsOnline" that
> permits law enforcement officers to search identifying
> information submitted by pawn shops in Texas with
> regard to pawned property.  His search on LeadsOnline

2

indicated that the bicycle had been pawned at a Cash
America Pawn Shop in Fort Worth on May 19, 2008.  His
subsequent investigation revealed that appellant pawned
the bicycle at the Cash America Pawn Shop along with a
pair of binoculars, a battery charger, and a toolbox.
Smith positively identified the bicycle and binoculars
as being items stolen from her home, and Parish and her
boyfriend positively identified the battery charger as
being the battery charger stolen from her home.

Ricky Cajero is an employee of the Cash America
Pawn Shop where the stolen items referenced above were
pawned.  He testified that he waited on appellant when
he pawned the items on May 19, 2008.  He positively
identified appellant as the person that pawned the
items.

Mem. Op. 2, ECF No. 11-11.

## II.   Issues

Petitioner raises the following grounds for habeas relief

(all spelling, grammatical and punctuation errors are in the

original):

(1)   "The court of appeals, errored in rejecting
      Caraveo's challenge to the sufficiency of the
      evidence in reliance on an inference which was not
      before the jury for consideration.

(2)   "The court of appeals, errored in rejecting
      Caraveo's challenge to the sufficiency of the
      evidence by applying an evidentiary rule which
      allows an inference of guilt based on the accused
      having invoked his right not to testify.

(3)   "The court of appeals, errored in rejecting
      Caravel's challenge to the sufficency of the
      evidence by applying an inference which was never
      before the jury for consideration.

3

(4)   "The court of appeals, errored in its determination
      that the evidence was legally sufficient to establish
      an essential element of burglary of a habitation,
      namely entry.

(5)   "The court of appeals, errored in its determination
      that the evidence was legally sufficient to establish
      an essential element of burglary of a habitation,
      namely intent.

(6)   "Caraveo did not receive effective assistance of
      counsel at trial.

(7)   "Caraveo did not receive a fair trial due to
      prosecutor's misconduct.

(8)   "Caraveo's right to due course of law was violated by
      trial court's abuse of discretion."

Pet., Attach. 1-9, ECF No. 1.   Petitioner's claims are

multifarious and addressed as thoroughly as practical below.

### III.   Rule 5 Statement

Respondent believes petitioner has sufficiently exhausted

his state court remedies and that the petition is timely.

Resp't's Answer 5, ECF No. 30.   28 U.S.C. §§ 2244(b), (d) &

2254(b).

### IV.   Discussion

*Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf

of a person in custody pursuant to the judgment of a state court

shall not be granted with respect to any claim that was

4

adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  The presumption of correctness applies to both implicit

5

and explicit factual findings. *Young v. Dretke,* 356 F.3d 616,
629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n.11
(5th Cir. 2001). Absent express findings of fact, a federal
court may assume the state court applied correct standards of
federal law to the facts, unless there is evidence that an
incorrect standard was applied, and imply fact findings
consistent with the state court's disposition. *Townsend v. Sain,*
372 U.S. 293, 314 (1963); *Pondexter v. Dretke,* 346 F.3d 142, 148
(5th Cir.2003); *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th
Cir.2002). Finally, when the Texas Court of Criminal Appeals
denies a federal claim in a state habeas corpus application
without written order, "it may be presumed that the state court
adjudicated the claim on the merits in the absence of any
indication or state-law procedural principles to the contrary."
*Johnson v. Williams,* 133 S. Ct. 1088, 1094 (2013); *Harrington v.
Richter,* 131 S. Ct. 770, 784-85 (2011).

### Sufficiency of the Evidence

Under grounds one through three, petitioner claims the
appellate court erred in rejecting his challenge to the
sufficiency of the evidence by (all spelling, grammatical and
punctuation errors are in the original)—

(1) "applying an evidentiary rule which permits an

6

> inference of guilt, based on Texas' 'unexplained
> possession of recently stolen property' doctrine where
> such doctrine was not an issue which was considered by
> the fact-finder;

(2)   "applying an evidentiary rule which permits an
       inference of guilt, based on Texas' 'unexplained
       possession of recently stolen property' doctrine where
       such doctrine, in its application, tends to 'penalize'
       a criminal defendant based on the defendant having
       invoked his substantive constitutional right; and

(3)   "applying Texas' 'unexplained possession of recently
       stolen property' doctrine where such doctrine was not
       before the jury for consideration because, under the
       circumstances, it infringes upon a criminal defendant's
       right to have the jury, rather than a judge, reach the
       requisite finding of 'guilt.'"

Pet., Attach. 2-3, ECF No. 1.

Under grounds four and five, petitioner claims the appellate

court erred in its determination that—

(4)   "the evidence was legally sufficient to establish an
       essential element og Burglary of a habitation, namely
       entry, where the unexplained possession only raises an
       inference of guilt, but is not conclusive, and the
       highly cicumstantial evidence failed to identify
       Petitioner as the person that entered the burglarized
       homes as required by law; and

(5)   "the evidence was legally sufficient to establish an
       essential element of Burglary of a Habitation, namely
       intent, where the unexplained possession only raises an
       inference of guilt, but is not conclusive, and the
       highly circumstantial evidence failed to prove that
       Petitioner acted with intent to commit theft, and/or
       burglary as required by law."

*Id.*, Attach. 3, ECF No. 1.

In reviewing the sufficiency of the evidence in the context of habeas corpus proceedings challenging the judgment of a state court, a federal court's review is limited to determining whether, based upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324 (1979). Whether direct or circumstantial, the court's review of the evidence is conducted in the light most favorable to the verdict. *Selvage v. Lynaugh,* 823 F.2d 845, 847 (5th Cir. 1987). The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993).

Applying the *Jackson* and state-created *Clewis* standards,[1] and other relevant state statutory and case law, the Eleventh Court of Appeals addressed the legal and factual sufficiency of the evidence as follows:

> To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[1]The Texas Court of Criminal Appeals has since overruled the factual sufficiency standard in *Clewis* and held that the legal sufficiency stardard in *Jackson* is applicable in determining whether the evidence is sufficient to uphold each element of the offense. *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).

doubt.  To determine if the evidence is factually
sufficient, the appellate court reviews all of the
evidence in a neutral light.  Then, the reviewing court
determines whether the evidence supporting the verdict
is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the
great weight and preponderance of the conflicting
evidence.  The finder of fact is the sole judge of the
weight and credibility of the witnesses' testimony.

     Appellant's legal and factual sufficiency
arguments in both cases focus on the application of the
well-settled rule that a defendant's unexplained
possession of property recently stolen in a burglary
permits an inference that the defendant is the one who
committed the burglary.  We note in this regard that
the application of such an inference has been held not
to violate the due process requirements of the federal
constitution.  The State relies upon this inference to
establish appellant's guilt for the burglaries of
Parish's and Smith's homes.

     Appellant contends that the inference is
inapplicable to his convictions because there is no
evidence that he was asked to give an explanation after
the property was discovered and no evidence that he
gave such an explanation.  He cites *Hood v. State* in
support of the proposition.  *Hood* appears to suggest
that the inference cannot be relied upon if there is no
evidence that the defendant was given the opportunity
but failed to give a reasonable explanation for his
possession of the stolen property.  We previously
rejected the holdings suggested by *Price [v. State]* and
*Hood* in *Foster v. State.*  For the reasons set out in
*Foster,* we reaffirm our holding that evidence that a
burglary was recently committed and that the defendant
was in recent possession of property stolen in the
burglary, together with no evidence of a reasonable
explanation for the defendant's possession of the
property given at the time of arrest or at the time he
was found to be in possession of the stolen property,
is legally and factually sufficient evidence to support
the defendant's conviction for burglary.

9

The evidence offered at trial established that
Parish's and Smith's homes were burglarized and that
appellant was in recent possession of items stolen from
both homes.   Furthermore, there is no evidence of a
reasonable explanation for appellant's possession of
the items stolen from Parish's and Smith's homes.   The
inference arising from these facts constitutes legally
and factually sufficient evidence of appellant's guilt.

Mem. Op.2-4, ECF No. 11-11 (footnote and citations omitted).

The state court's adjudication of these claims comports with

Supreme Court precedent and was reasonable in light of the

evidence at petitioner's trial, circumstantial though it is.

*Jackson,* 443 U.S. at 319, 324-25.   *See also Barnes v. United*

*States,* 412 U.S. 837, 843-46 (1973) (providing inference of guilt

from unexplained possession of recently stolen property satisfies

the requirements of due process).   A white pickup was seen at

Parish's house on May 13, 2008, the day of the first robbery,

petitioner arrived at the Cash America on May 19, 2008, in a

white pickup, Marie Ortega, whose daughter is a friend of

petitioner's, saw petitioner driving a "white truck" on or about

May 21, 2008, and petitioner was in possession, without any

plausible explanation, of items recently stolen during both

burglaries.   This evidence was sufficient for the jury to infer

that petitioner was involved in the burglaries.   Permitting such

inference does not infringe upon petitioner's privilege against

self-incrimination or his right to due process. *Barnes*, 412 U.S. at 843-47; *Turner v. United States,* 396 U.S. 642, 417-18 (1970).

Nor does the fact that the jury was not charged on the issue entitle petitioner to relief. It is the jury's role to determine the facts upon the evidence under the charge as given. This includes drawing all reasonable inferences that the jury could justifiably draw from the evidence presented at trial. *Jackson,* 443 U.S. at 319. Petitioner's intent and guilt may be reasonably inferred from the circumstantial evidence, which is a function of the jury. It was not necessary that the state court provide an instruction to the jury that the inference was permissible from petitioner's unexplained possession of stolen property. Indeed, the Supreme Court and the Texas Court of Criminal Appeals have both advised against giving such an instruction. *Barnes,* 412 U.S. at 846-47; *Hankins v. State,* 646 S.W.2d 191, 197 (Tex. Crim. App. 1983) (op. on reh'g).

### Ineffective Assistance of Counsel

Under his sixth ground, petitioner presents a laundry list of ineffective-assistance-of-counsel claims. Pet., Attach. 3-7, ECF No. 1. A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 393-95 (1985); *Strickland*

11

*v. Washington*, 466 U.S. 668, 688 (1984).  An ineffective

assistance claim is governed by the familiar standard set forth

in *Strickland v. Washington*.  466 U.S. at 669.  To establish

ineffective assistance of counsel a petitioner must show (1) that

counsel's performance fell below an objective standard of

reasonableness, and (2) that but for counsel's deficient

performance the result of the proceeding would have been

different.  *Id.* at 688.

In applying this standard, a court must indulge a strong

presumption that counsel's conduct fell within the wide range of

reasonable professional assistance or sound trial strategy.  *Id.*

at 668, 688-89.  Judicial scrutiny of counsel's performance must

be highly deferential and every effort must be made to eliminate

the distorting effects of hindsight.  *Id.* at 689.  Where a

petitioner's ineffective assistance claims have been reviewed on

their merits and denied by the state courts, federal habeas

relief will be granted only if the state courts' decision was

contrary to or involved an unreasonable application of the

*Strickland* standard in light of the state court record.

*Harrington,* 131 S. Ct. at 785 (quoting *Williams v. Taylor,* 529

U.S. 362, 410 (2000)); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

The Supreme Court has emphasized–

> The pivotal question is whether the state court's
> application of the *Strickland* standard was
> unreasonable.  This is different from asking whether
> defense counsel's performance fell below *Strickland's*
> standard.  Were that the inquiry, the analysis would be
> no different than if, for example, this Court were
> adjudicating a *Strickland* claim on direct review of a
> criminal conviction in a United States district court.
> Under AEDPA, though, it is a necessary premise that the
> two questions are different.  For purposes of §
> 2254(d)(1), "an *unreasonable* application of federal law
> is different from an *incorrect* application of federal
> law."  A state court must be granted a deference and
> latitude that are not in operation when the case
> involves review under the *Strickland* standard itself.

*Harrington,* 131 S. Ct. 770, 785 (quoting *Williams v. Taylor,* 529

U.S. at 410).  Accordingly, it is necessary only to determine

whether the state courts' rejection of petitioner's ineffective-

assistance claims was contrary to or an objectively unreasonable

application of *Strickland.*  *Bell,* 535 U.S. at 698-99.

No express findings of fact or conclusions of law were made

by the state courts regarding petitioner's claims.  The state

habeas judge, who also presided over petitioner's trial, merely

recommended denial of petitioner's state habeas applications

because "there are no disputed issues of fact," petitioner's

"claims are not proper claims for habeas corpus relief," and "all

of the claims for relief . . . are without relief [sic]."  SH4b-

con't, 137, ECF No. 17-5; SH5a-writ, WR-75,114-04, 137, ECF No.

17-7.  The recommendation was followed by the Texas Court of

13

Criminal Appeals, which denied relief without hearing or written

order.  Therefore, this Court assumes the state courts applied

the *Strickland* standard to the facts of the case, absent any

indication that an incorrect standard was applied, and implies

fact findings consistent with the state courts' denial of relief.

*Townsend,* 372 U.S. at 314; *Valdez,* 274 F.3d at 948 n.11; *Goodwin*

*v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

Petitioner raises eleven ineffective-assistance claims.  In

(A), (B) and (C), petitioner claims counsel was ineffective by

failing to:  investigate and interview Maria Ortega, whose

daughter is a friend of petitioner's and who testified that she

saw petitioner driving a "white truck" on or about May 21, 2008;

investigate and interview Ricardo Cajero, the pawn shop employee;

investigate petitioner's pawn history; and investigate the

"circumstances surrounding the property hearing."[2]  While it is

true that an attorney must engage in a reasonable pretrial

investigation into the facts of a criminal case, which may

include interviewing potential witnesses, the record is silent as

to the nature and extent of counsel's investigation and

---

[2]Apparently, a hearing, pursuant to chapter 47 of the Texas Code of
Criminal Procedure, was held in June 2008 to determine the right of possession
to the stolen items that were recovered by law enforcement and is referenced
by petitioner in his petition as the "property hearing."  Pet'r Reply, Ex. B,
ECF No. 33; RR, vol. 4, 99-101, ECF No. 12-4.

preparation for trial. *Strickland,* 466 U.S. at 691; *Bryant v. Scott,* 28 F.3d 1411, 1415 (5th Cir. 1994). The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance"—*i.e.,* that counsel conducted a reasonable investigation. *Burt v. Titlow,* 134 S. Ct. 10, 17 (2013) (quoting *Strickland,* 466 U.S. at 687). Moreover, during cross-examination, counsel elicited testimony from Cajero that there were no problems with previous pawns by petitioner. RR, vol. 4, 143-44, ECF No. 12-4. Petitioner fails to show that the witnesses would have agreed to be interviewed by counsel before trial or had any knowledge not otherwise disclosed at trial regarding the "white truck" or petitioner's pawn history. Petitioner's claim that counsel should have investigated the "circumstances of the property hearing" so as to elicit testimony that petitioner did not appear for the hearing because he was incarcerated also fails. Even if counsel had known of this fact, he could have reasonably chosen not to raise the issue for fear it would reveal to the jury that petitioner was in jail prior to trial.

In (D), (E), (F), (G), (H) and (I), petitioner claims counsel was ineffective by failing to object to: improperly

elicited testimony; an improper line of questioning;

misstatements of law; and improper jury argument.  Pet., Attach.

4-6, ECF No. 1.  Petitioner asserts counsel should have objected

to the state's question to Officer Moore regarding "who was

notified" and "who appeared" at the property hearing.  Petitioner

argues that it was improper for the state, knowing he was

incarcerated at the time, to ask the question, which "provided

the jury with an impermissible inference of guilt from his

failure to appear."  Pet., Attach. 4, ECF No. 1.  The state's

question however is arguably relevant to the rightful possession,

disposition and whereabouts of the stolen items at issue and,

thus, proper.  Petitioner also complains of the following "line

of questioning" by the state with Officer Moore:

> Q.  Were you able to contact Omar Caraveo through Ms.
> Ortega?
> A.  No, I was not.
> Q.  Okay.  Did she provide you any information –
> *without telling me what it is*, did she provide you any
> information that confirmed in your mind that you needed
> to speak with Mr. Caraveo?
> A.   Yes, ma'am, she did.

RR, vol. 4, 102, ECF No. 12-4 (emphasis added).  Petitioner

asserts that counsel should have objected because the state's

question impermissibly "allowed the jury to speculate the

existence of extraneous evidence which conveyed the impression

that the state knew more than it was permitted to relate in court." Pet., Attach. 4, ECF No. 1. It appears to this Court however that the prosecutor was merely attempting to word his question so as to avoid hearsay testimony. Counsel is not required to raise frivolous objections. *Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002), *cert. denied,* 538 U.S. 926, (2003).

Petitioner next complains counsel should have objected to the state's misstatements of law. Pet., Attach. 4-5, ECF No. 1. According to petitioner, the state improperly "instructed the jury that they can 'rely on recent possession of stolen property,' and that such reliance could be 'sufficient' to 'sustain' a conviction." The record reflects that counsel did object to this argument and that the objection was overruled. RR, vol. 4, 187, ECF No. 12-4. Thus, this claim is refuted by the record.

Petitioner next claims the state improperly argued that "the jurors had to agree 'unanimously' beyond a reasonable doubt that [he] was 'not guilty' of burglary of a habitation before it could 'consider' the lesser-included offense of theft," thus shifting the burden to the defense. Pet., Attach. 5, ECF No. 1. The jury was charged on the issues as follows:

17

Now, if you find from the evidence beyond a
reasonable doubt that . . . the defendant . . . did
then and there intentionally and knowingly, without the
effective consent of Carol Parish [or Rebecca Smith],
the owner thereof, enter a habitation with intent to
commit theft and therein committed theft, then you will
find the defendant guilty of the offense of burglary of
a habitation as charged in the indictment.

Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt
thereof, you will acquit the defendant and say by your
verdict "not guilty" *and shall then proceed to*
*deliberate on the hereinafter described offense of*
*theft of less than $50*.

Clerk's R. for CR08-0502, 57, ECF No. 12-3 (emphasis added);

Clerk R. for CR08-0503, 39, ECF No. 11-8 (emphasis added).

Petitioner's claim has been considered and rejected by the Texas

Court of Criminal Appeals in *Barrios v. State,* 283 S.W.3d 348,

352-53 (Tex. Crim. App. 2009).  As a matter of state law, such an

instruction, although not favored, is permissible.  Thus, the

state's argument appears to be merely an attempt to explain the

instruction.  As previously noted, counsel is not required to

make frivolous objections.  *Johnson,* 306 F.3d at 255.

Finally, petitioner claims counsel should have objected to

the state's improper jury argument suggesting that he was a

"proficient thief" and argument that he failed to call witnesses

to testify on his behalf regarding his whereabouts at the time of

the burglaries.  Pet., Attach. 5, ECF No. 1.  As to the first

18

claim, read in context, it appears the state was merely
explaining the purpose of the "unexplained possession of recently
stolen property" rule. RR, vol. 5, 187, ECF No. 12-4. A
prosecutor may properly discuss properly admitted evidence and
any reasonable inferences or conclusions that can be drawn from
that evidence. *Virginia v. Black,* 538 U.S. 343, 397 n.3 (2003);
*United States v. Meza,* 701 F.3d 411, 430 (5th Cir. 2012); *Russell
v. State,* 290 S.W.3d 387, 393 (Tex. App.–Beaumont 2009, no pet.).
Accordingly, the argument was not objectionable. As to the
second claim, counsel did raise an objection and the objection
was overruled by the trial court. RR, vol. 4, 185, ECF No. 12-4.
Thus, the claim is refuted by the record.

     In (J), petitioner asserts that counsel would not accept his
collect calls and only communicated with him from October 2008
through February 2009 *via* three letters, that counsel failed to
discuss the specifics of the case with him, that counsel failed
to put forth a real effort to become acquainted with the facts of
his case, and that counsel's visits to him in jail were short,
fruitless, and "devoid of any meaningful transfer of information
which could have aided the defense." Pet., Attach. 6, ECF No. 1.
Petitioner fails to assert, however, that further consultation
would have enabled counsel to develop additional evidence or

defenses.  "[B]revity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." *Murray v. Maggio,* 736 F.2d 279, 282 (5th Cir. 1984).

Lastly, in (K), petitioner claims counsel was ineffective during the punishment phase by failing to obtain and advance mitigating evidence in the form of a videotape depicting the true events of an incident in which a Wal-Mart theft-prevention officer, Jeff Key, attempted to detain petitioner for suspicion of theft.  Key testified at trial that petitioner pulled a box cutter and took a swing at his face during the incident, which petitioner disputes.  RR, vol. 6, 53, ECF No. 12-4.  Petitioner asserts that a videotape from the store's surveillance camera exists and controverts the officer's version of events.  Pet., Attach. 6-7, ECF No. 1.  It does not appear, however, that the videotape was provided to the state courts and is not provided here.  Conclusory allegations in support of an ineffective-assistance claim are insufficient to raise a constitutional issue.  *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1998).

In conclusion, assuming the state courts applied the *Strickland* standard, it appears the state courts applied it in a

20

reasonable manner.   Petitioner has failed to rebut the
presumption of competence mandated by *Strickland,* much less
demonstrate how he suffered any prejudice as a result of
counsel's acts or omissions.

### Prosecutorial Misconduct

Under his seventh ground, petitioner raises eight
prosecutorial-misconduct claims.   Pet., Attach. 7-8, ECF No. 1.
These claims largely echo petitioner's ineffective-assistance-of-
counsel claims and are simply re-packaged as prosecutorial-
misconduct claims, save for (G).   Specifically, petitioner
asserts the prosecutor (A) improperly elicited testimony;  (B)
engaged in an improper line of questioning;  (C) and (D) misstated
the law;  (E) and (F) used improper jury argument; and (G) failed
to comply with article 37.07, §3(g).   He also asserts the
cumulative effect of the prosecution's misconduct deprived him of
a fair trial.

Petitioner asserts the prosecution improperly questioned
Officer Moore regarding who appeared for the "property hearing."
Because he was incarcerated and unable to appear, petitioner
asserts the state used the testimony that he did not appear to
imply to the jury that he "purposefully avoided going to the
hearing, thus providing the jury with an impermissible inference

of guilt." Pet., Attach. 7, ECF No. 1. As previously noted, the question appears relevant, and thus proper, regarding the rightful possession, distribution and whereabouts of the stolen items at issue in this case, and petitioner cites no legal authority that "the circumstances surrounding" the property hearing were inadmissible in his criminal trial. Even assuming the question was improper, petitioner does not explain whether or how the question materially affected the jury's verdict. In light the evidence, *in toto,* it cannot be said that the fact that petitioner did not attend the property hearing so infected the proceedings with unfairness as to make petitioner's convictions a denial of due process. *Parker v. Matthews,* 132 S. Ct. 2148, 2153 (2012).

Petitioner asserts the prosecution used an "improper line of questioning" when questioning Officer Moore:

> Q.  Were you able to contact Omar Caraveo through Ms. Ortega?
> A.  No, I was not.
> Q.  Okay.  Did she provide you any information – *without telling me what it is,* did she provide you any information that confirmed in your mind that you needed to speak with Mr. Caraveo?
> A.   Yes, ma'am, she did.

RR, vol. 4, 102, ECF No. 12-4 (emphasis added). Petitioner argues that this questioning was improper because "it allowed the

jury to speculate the existence of extraneous evidence which
conveyed the impression that the State knew more than it was
permitted to relate in court." Pet., Attach. 7, ECF No. 1. As
noted above, it appears to this Court to be more an attempt by
the prosecutor to prevent Officer Moore from testifying to
inadmissible hearsay. This claim is without merit.

Petitioner asserts that the prosecution misstated the law
by, first, "instructing the jury that they could 'rely' on
Caraveo's 'possession of recently stolen property' to be
'sufficient' evidence to 'sustain' a burglary of a habitation
conviction." Pet., Attach. 8, ECF No. 1. State law allows an
inference of guilt where a defendant is found in possession of
recently stolen property, without a reasonable explanation.
*Hardesty v. State,* 656 S.W.2d 73, 76 (Tex. Crim. App. 1983).
Although it may not be sufficient proof alone, it is a
circumstance to can be considered by a factfinder. *McKibben v.
State,* 687 S.W.2d 513, 516-17 (Tex. App.–Houston [14th Dist.]
1985, no pet.). Here, the state emphasized to the jury that the
case was a circumstantial-evidence case, and the argument
explains the permissible inference to be made as a result of
petitioner's unexplained possession of recently stolen items but
does not rely solely on that evidence. The state encouraged the

23

jury to evaluate the "case independently on everything that the state has brought to you . . .." RR, vol. 4, 188, ECF No. 12-4. The sum total of the surrounding additional facts and incriminating circumstances warrant the jury's conclusion of guilt.

Petitioner also asserts that the prosecution improperly argued that the jurors "had to agree 'unanimously" beyond a reasonable doubt that Caraveo was 'not guilty of burglary of a habitation, before it could 'consider' the lesser-included offense of theft." As previously noted, the jury was charged accordingly to state law and the argument appears to be merely an attempt to explain the instruction. Thus, the argument was not improper.

Finally, petitioner asserts the prosecution's jury argument that he was a "proficient thief" was improper because such evidence was not "on the record" and it implied that he had previously been involved in criminal proceedings. Pet., Attach. 8, ECF No. 1. As previously noted, read in context, it appears the state was merely explaining the purpose of the "unexplained possession of recently stolen property" rule. RR, vol. 5, 187, ECF No. 12-4. A prosecutor may properly discuss properly admitted evidence and any reasonable inferences or conclusions

that can be drawn from that evidence; thus, this argument was
permissible.  *Black,* 538 U.S. at 397 n.3.

Petitioner also asserts the prosecution's "comment as to his
failure to call witnesses to provide favorable testimony
regarding [his whereabouts on] the days the burglaries occurred"
was improper.  *Id.*  Arguably, this argument summarizes the state
of the evidence or was a response to petitioner's argument that
there was no evidence tying him to the burglaries.  In either
event, the argument is permissible under state law.  *Borjan v.
State,* 787 S.W.2d 53, 55 (Tex. Crim. App. 1990) (providing proper
areas for closing argument to the jury are a summary of the
evidence, reasonable deductions from the evidence, a response to
opposing counsel's argument, and pleas for law enforcement).
Moreover, even if the comment was improper, any potential harm
was cured by the trial court's instruction to the jury that
petitioner was presumed to be innocent and was not required to
prove his innocence or to produce any evidence at all.  *See
United States v. Iredia,* 866 F.2d 114, 117-18 (5th Cir. 1989)
(holding that prosecutor's comment—"if there was . . . evidence
available to defense lawyers don't you think they would put it
on"—did not require reversal, because district court's
instruction—that burden was on the government—"should have

sufficiently erased any doubts as to which party had the burden
of proof").

Finally, petitioner asserts the prosecution failed to meet
the notice requirements set out in article 37.07, § 3(g) of the
Texas Code of Criminal Procedure with regard to introduction of
unadjudicated, extraneous offenses during the punishment phase.
Pet., Attach. 8, ECF No. 1.  He asserts notice regarding his
pending aggravated-robbery offense was deficient because it did
not specify the name of the victim or give a correct date of the
offense.  Under Texas law, the state is required to provide
"reasonable notice" of its intent "to introduce an extraneous
crime or bad act that has not resulted in a final conviction in a
court of record or a probated or suspended sentence[.]"  TEX. CODE
CRIM. PROC. ANN. art. 37.07, § 3(g) (West Supp. 2014); TEX. R. EVID.
404(b) ("reasonable notice" of intent to use extraneous offense
evidence must be given before trial).  "[N]otice of that intent
is reasonable only if the notice includes the date on which and
the county in which the alleged crime or bad act occurred and the
name of the alleged victim of the crime or bad act."  *Id*.  At the
outset of the punishment phase, the trial court overruled
petitioner's objections to the state's notice.  RR, vol. 5, 7-10,
ECF No. 12-4.  This claim presents a question of state law, which

has been resolved by the state courts.   Errors of state law are
not cognizable on federal habeas review.   *Estelle v. McGuire,* 502
U.S. 62, 68 (1991) ("In conducting habeas review, a federal court
is limited to deciding whether a conviction violated the
Constitution, law, or treaties of the United States.").

### Trial Court Error

Petitioner also claims the trial court abused its discretion
by allowing the state to introduce evidence of his pending
aggravated-robbery offense, over his timely objection.   The state
appellate court, relying solely on state law, addressed this
claim as follows:

> The State called Jeff Kay as a witness during the
> punishment phase to testify about an encounter between
> him and appellant occurring on January 8, 2008, at a
> Wal-Mart in Fort Worth.   Appellant requested the trial
> court to conduct a hearing outside of the jury's
> presence prior to Kay's testimony so that the court
> could determine if his testimony was admissible
> pursuant to Tex. Code Crim. Proc. Ann. art. 37.07.
> The trial court denied appellant's request.   Kay
> subsequently testified that he is an asset protection
> associate for Wal-Mart.   He testified that he observed
> appellant conceal a car amplifier and a watch and then
> leave the store without paying for the items.   He
> additionally testified that appellant took a swipe at
> his face with a box cutter when Kay confronted
> appellant as he was leaving the store.

> A trial court's decision to admit extraneous
> offense evidence during the punishment phase is
> reviewed under an abuse of discretion standard.   The
> trial court's decision will not be overturned unless it

is found to be outside the zone of reasonable disagreement. Extraneous offense evidence may be offered during the sentencing phase to assist the jury in determining punishment and is admissible "as to any matter the court deems relevant to sentencing, including but not limited to . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant."

Article 37.07 does not require a trial court to conduct a hearing outside the jury's presence to determine the admissibility of extraneous offenses during the punishment phase. The trial court must determine the threshold issue of admissibility by determining whether the extraneous offense is relevant. After the trial court finds the extraneous evidence relevant, the jury, as the factfinder, must then determine whether the State has satisfied its burden to prove the extraneous acts beyond a reasonable doubt.

When appellant requested a preliminary hearing to determine the admissibility of Kay's testimony, appellant's counsel specifically stated that the purpose of the hearing would be "to make sure that such evidence meets the beyond a reasonable doubt standard of proving unadjudicated offenses." As noted in *Mitchell,* this is a function for the jury to perform rather than a threshold issue of admissibility for the trial court to resolve. Accordingly, the trial court did not abuse its discretion in overruling appellant's request to conduct a preliminary examination of Kay under Article 37 .07. In this regard, there was information before the trial court for it to determine that Kay's anticipated testimony about an unadjudicated offense involving appellant was relevant to punishment. Furthermore, even if the trial court erred, there was no harm. Appellant does not argue that the State failed to prove the offenses beyond a reasonable doubt, and Kay's testimony identifying appellant as the perpetrator of the unadjudicated offense was unequivocal.

Mem. Op., 4-5, ECF No. 11-11 (citations omitted).[3]

Again, this claim is strictly a question of state law, which has been resolved by the state courts. Such a claim is not cognizable on federal habeas review. It is not the role of a federal habeas court to review the state courts' interpretation of its own rules. *Charles v. Thaler,* 629 F.3d 494, 500 (5th Cir. 2011).

## V.   Summary

In summary, the record supports the state courts' denial of the claims presented in this federal habeas proceeding. The state courts' adjudication of the claims is not contrary to or involve an unreasonable application of clearly established federal law, as determined by the Supreme Court, in light of the record as a whole. Accordingly, it is entitled to deference and the presumption of correctness.

For the reasons discussed herein,

The Court ORDERS the petition of Petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The Court further ORDERS that a certificate of

---

[3]The appellate court's opinion reflects the Wal-Mart's assert-protection associate's name as Jeff Kay, however his correct name is Jeff Key. RR, vol. 6, 26, ECF No. 12-4.

appealability be, and is hereby, denied.

SIGNED May _____, 2015.


JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE